IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| DAMARYS NATAL | : | VIOLATION: |
| | : | 18 U.S.C. § 666(a)(1)(B) (federal program bribery – 1 count) |
| | : | Notice of forfeiture |

**INFORMATION**

**COUNT ONE**

THE UNITED STATES ATTORNEY CHARGES THAT:

At all times material to this information:

1. Defendant DAMARYS NATAL was a Collection Customer Representative for the City of Philadelphia Law Department, Major Tax Unit. In that capacity, and as an agent of the City of Philadelphia, defendant NATAL collected delinquent business tax payments on Philadelphia properties. NATAL had worked in this capacity for approximately three years.

2. The City of Philadelphia constituted an organization or government which received annual benefits in excess of $10,000 in the 2018 and 2019 calendar years under federal programs, including grants, contracts, subsidies, loans, guarantees, insurance and other forms of financial assistance.

3. Person #1 owned a building in the 1500 block of South Bailey Street in Philadelphia. In or about October 2018, Person #1 sold the building in the 1500 block of South Bailey Street. During the process of selling the building, Person #1 discovered that the City of Philadelphia had placed liens on the property. The liens on the property were related to

judgments the City of Philadelphia had obtained for unpaid business taxes Person #1 allegedly owed to Philadelphia.

4.  The City of Philadelphia sent a letter to the title company handling the sale of the property on the 1500 block of South Bailey Street. The letter advised the title company that the City would accept payment in the amount of $13,457.37 in full settlement of the unpaid business taxes Person #1 allegedly owed to Philadelphia. To permit the sale of the building in the 1500 block of South Bailey Street to proceed as scheduled in October 2018, Person #1 agreed to place in escrow $13,457.37 until the tax issue could be resolved.

5.  On or about May 21, 2019, Person #1 sent an email to an individual in the Major Tax Unit of the City of Philadelphia requesting information to set-up a payment arrangement for the business taxes that the City alleged were outstanding.

6.  On or about August 21, 2019, a person employed by the title company sent an e-mail to the City of Philadelphia asking for a payoff amount of the unpaid business taxes so that the sale of the property on the 1500 block of South Baily Street could be completed.

7.  On or about August 23, 2019, defendant DEMARYS NATAL signed and sent a letter from the City of Philadelphia Law Department, Tax and Revenue Department, to the title company providing the payoff amount that the title company had asked for. The letter explained "[t]he City is willing to accept the lump sum payment of $12,314.00 ("Settlement Amount") to resolve the Municipal Court Code Enforcement ("CE") judgment referenced above[.]" The letter also read "Payment must be made by using guaranteed funds . . . Please make check payable to: "City of Philadelphia" and direct the payment to my attention[.]"

8.  On or about August 26, 2019, defendant DEMARYS NATAL called Person #1 directly from a City of Philadelphia phone number to discuss the settlement amount.

2

9. Defendant DEMARYS NATAL told Person #1 in the telephone conversation of August 26, 2019 that Person #1 could bring two $500 postal money orders to the Revenue Department to satisfy the judgment for unpaid business taxes that Person #1 owed. Defendant NATAL said she would accept the money orders and promised to resolve the business taxes that were owed. NATAL further advised Person #1 that Person #1 should leave blank the payee on the money orders.

10. In a series of text messages with Person #1 between August 26 and September 4, 2019, defendant DEMARYS NATAL, while arranging to meet Person #1, repeatedly reminded Person #1 to bring the two $500 postal money orders to her so that she could handle the "processing" of Person #1's outstanding tax obligation. Defendant NATAL also repeatedly reminded Person #1 to leave the payee of the money orders blank.

11. In a text message to Person #1, defendant DEMARYS NATAL instructed Person #1 to keep the plan to use postal money orders "between us" so that defendant NATAL could reduce the amount of the unpaid business taxes due to the City of Philadelphia.

12. When Person #1 advised defendant DEMARYS NATAL that Person #2 would bring the postal money orders to a scheduled meeting at defendant NATAL's office in the City of Philadelphia, NATAL instructed Person #1 to "tell her [Person #2] to leave them blank there [sic] doing us a personal favor so u can get ur $$$ instead of city."

13. On or about September 6, 2019, defendant DEMARYS NATAL accepted two $500 postal money orders from Person #2. NATAL further advised Person #2 that the two of them would pretend that Person #2 was Person #1 for purposes of completing paperwork connected to settling the outstanding tax obligation. Defendant NATAL instructed Person #2 to sign multiple city documents as Person #1.

14. Defendant DEMARYS NATAL gave Person #2 two pre-printed orders from a Philadelphia's Municipal Court Judge reflecting that the tax judgments against Person #1 had both been satisfied. Defendant NATAL also gave Person #2 a handwritten receipt reflecting the payment of $1,000 towards the associated judgments. NATAL falsely prepared the receipt to reflect that another city employee had issued the receipt.

15. On September 10, 2019, defendant DEMARYS NATAL signed and sent via email a letter to an employee of the title company holding Person #1's funds in escrow stating "The City is willing to accept a lump sum payment of $3,784.21 ("Settlement Amount") to resolve the Municipal Court Code Enforcement ("CE") judgments[.]" The Settlement Amount reflected that NATAL had eliminated monies owed for unpaid business taxes, but maintained the sums owed for remaining tax, interest, and penalties. The letter repeated the explanation that payments must be made by guaranteed funds and check must be made payable to the City of Philadelphia.

16. On September 12, 2019, defendant DEMARYS NATAL deposited the two $500 postal money orders she received from Person #2 into an account she maintained at the Philadelphia Federal Credit Union. The $500 money orders were both made payable to DAMARYS NATAL, were allegedly for work done on "Repair/Remodeling" and for "Flooring," and were allegedly from a person named "Carlos Rivera" or "C. Rivera." Person #1 and Person #2 are not "Carlos Rivera," or "C. Rivera," and never used that name with defendant NATAL.

17. In the period beginning on January 1, 2018, and ending on September 30, 2019, defendant DEMARYS NATAL maintained bank accounts where she deposited money orders and/or checks she obtained as part of her scheme. During 2018, defendant NATAL deposited

4

such money orders and checks in the amount of $500 a total of 18 times, in the amount of $1,000 a total of three times, and in the amount of $600 a total of four times, for a total of $14,400. During 2019, defendant NATAL deposited such money orders and checks in the amount of $500 a total of ten times, in the amount of $1,000 a total of six times, and in the amount of $600 a total of two times, for a total of $12,200 that year. These deposits, totaling $26,600, reflected bribes that NATAL solicited and received in 2018 and 2019 from others to reduce their tax liability to the City of Philadelphia.

18. Beginning on or about February 7, 2018, and continuing through September 19, 2019, in the City of Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendant

**DAMARYS NATAL**,

while acting as an agent the City of Philadelphia, which received benefits of over $10,000 in a one-year period under a federal program involving a grant, contract, subsidy, loan and other form of federal assistance, corruptly solicited, demanded for the benefit of any person, accepted, and agreed to accept a thing of value, that is, United States Postal money orders and checks from Person #1, Person #2, and others, intending to be influenced and rewarded in connection with a transaction and series of transactions of the City of Philadelphia involving $5,000 or more.

In violation of Title 18 United States Code, Section 666(a)(1)(B), (b).

## **NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violation of Title 18, United States Code, Section 666, set forth in this information, defendant

**DAMARYS NATAL**

shall forfeit to the United States of America any property, real or personal, which represents or is is traceable to the gross receipts obtained directly or indirectly from such violations, including, but not limited to, the sum of $26,600, and:

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

> (a) cannot be located upon the exercise of due diligence;
>
> (b) has been transferred or sold to, or deposited with, a third party;
>
> (c) has been placed beyond the jurisdiction of the Court;
>
> (d) has been substantially diminished in value; or
>
> (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(D).

A TRUE BILL:

**WILLIAM M. McSWAIN**
United States Attorney

No. _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

<u>Criminal Division</u>

THE UNITED STATES OF AMERICA

v.

DAMARYS NATAL

INFORMATION

18 U.S.C. § 666(a)(1)(B) (federal program bribery – 1 count)
Notice of forfeiture

A true bill.

_____
Foreman

Filed in open court this _____ day,
Of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____